UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.   ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

LETTER OPINION AND ORDER

July 12, 2011

**VIA CM/ECF**
All counsel of record

    Re:    Marketvision/Gateway Research, Inc., et al. v. Priority Pay Payroll, LLC, et al.,
           Civil Action No. 10-1537 (SRC)(MAS)

           Dye It Consulting, Inc. v. Jerry Carter, et al.,
           Civil Action No. 10-1611 (SRC)(MAS)

           Legacy Effects, LLC v. Jerry Carter, et al.,
           Civil Action No. 10-2753 (SRC)(MAS)

Dear Counsel:

This matter comes before the Court on Motions to Withdraw as Counsel of Carlin & Ward, P.C. ("Firm") (Lawrence Z. Kotler, Esq. appearing), attorneys for Defendants Jerry Carter ("Carter") and Carter & Consultants, LLC ("Carter & Consultants") (collectively ("Defendants")). The Firm represents Carter in three civil actions: *Marketvision/Gateway Research Inc. v. Priority Payroll, LLC*, Civil Action No. 10-1537 ("*Marketvision*"); *Dye It Consulting, Inc. v. Jerry Carter*, Civil Action No. 10-1611 ("*Dye It*"); and *Legacy Effects, LLC v. Jerry Carter*, Civil Action No. 10-2753 ("*Legacy*"). The Firm also represents Carter & Consultants in connection with *Legacy Effects, LLC v. Jerry Carter*, Civil Action No. 10-2753. All of the Firm's motions to withdraw are unopposed.

I.     **BACKGROUND**

As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to the motions currently pending before this Court. As the Firm filed motions to withdraw in three pending civil action matters, the Court finds it necessary and prudent to set forth the procedural posture and status of the cases below.

All three matters in question arise from nearly identical factual circumstances and share a similar procedural history. Each action alleges that sometime between January 2009 and February 2010, Carter, acting through payroll companies owned and operated by him, withdrew funds from Plaintiff companies' bank accounts, but failed to satisfy their corresponding tax liabilities, as obligated by contracts maintained with each Plaintiff. (Docket Entry Number ("Doc. No.") 48 in Civil Action No. 10-1537 ("*Marketvision* Am. Compl.") ¶¶ 16-21; Doc. No. 4 in Civil Action No. 10-1611 ("*Dye It* Am. Compl.") ¶¶ 7-17, 21-32; Doc. No. 36 in Civil Action No. 10-2753 ("*Legacy* Second Am. Compl.") ¶¶ 11-15, 17-20.) All of the actions assert claims for breach of contract and conversion, among others. (*Marketvision* Am. Compl. ¶¶ 43-115; *Dye It* Am. Compl. ¶¶ 53-87; *Legacy* Second Am. Compl. ¶¶ 41-282.) In each case, the parties are still in the initial stages of litigation. There has been no discovery, and an answer has only been filed in *Legacy*. (*See* Doc. No. 42 in Civil Action No. 10-2753 ("*Legacy* Answer").)

II.    **LEGAL STANDARD & ANALYSIS**

Local Civil Rule 102.1 provides that, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." According to Local Civil Rule 103.1, practitioners in federal court in New Jersey are subject to the New Jersey Rules of Professional Conduct. *See also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

2

Pursuant to the New Jersey Rules of Professional Conduct, Rule 1.16(b) ("RPC 1.16(b)") permits an attorney to withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good causes shown for withdrawal exists.

*See also Haines*, 814 F. Supp. at 422.

Accordingly, prior to withdrawing, counsel must demonstrate good cause as to why withdrawal is warranted. *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). When considering whether good cause exists for purposes of withdrawing counsel from a matter, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines*, 814 F. Supp. at 423; *accord Cherry Hill Convalescent Ctr., Inc.*, 994 F. Supp. at 252-53. Note, however, that even if counsel seeking to withdraw demonstrates "good cause," a decision with respect to withdrawal remains entirely within the discretion of the court. RPC 1.16(c); *see also Haines*, 814 F. Supp. at 422

(finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause").

When considering a motion to withdraw, the Court must further consider whether a litigant is able to proceed *pro se*, if he or she so chooses, and/or whether the litigant is a corporate entity. *See Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 163 (3d Cir. 2007). This is of particular importance because corporate entities can only appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citation omitted); *accord Simbraw v. United States*, 367 F.2d 373 (3d Cir. 1966). Thus, when a party litigant is a corporate entity and its attorney seeks to withdraw from the matter, withdrawal will only be permitted if a court finds that the withdrawing firm "serves no meaningful purpose." *Buschmeier*, 222 F. App'x at 163 (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir. 1986) (per curiam)). Otherwise, the corporate entity's counsel will not be permitted to withdraw until a substitution of counsel is filed with the Court. *See id.* In determining whether an appearance serves "no meaningful purpose," the court must consider "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties." *Id.* at 164 (citing *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercountry Nat'l Title Ins. Co.*, 310 F.3d 537, 540-41 (7th Cir. 2002)).

Here, the Firm seeks to withdraw because the clients have failed to compensate the Firm for legal services rendered in 2010 and 2011. (Doc. No. 45-1 in Civil Action No. 10-1537 ("Kotler Decl.") ¶ 3.)[1] The Firm notes that the last payments received from the Defendants were received in November and July of 2010. (*Id.*) Notably, the Firm has had several conversations with Carter regarding the outstanding balance, and despite assurances that the payment would be

---

[1] The Firm submitted the same declaration in all three pending matters. Accordingly, for conciseness and citation purposes, the Court will only refer to the Declaration submitted in Civil Action No. 10-1537.

forthcoming, Defendants have failed to satisfy their debt. (*Id.* at ¶¶ 4-5.) Similarly, the Firm sent at least two e-mail messages to Defendants on January 17, 2011 and March 24, 2011, requesting payment and advising that a motion to withdraw would be filed if Defendants failed to pay their outstanding balance. (*Id.* at ¶ 5, Exs. B-C.) After Defendants failed to provide a response or payment, the Firm filed the motion to withdraw currently pending before this Court.

Having carefully reviewed and considered the Firm's moving papers, this Court finds good cause to grant the motions to withdraw. Indeed, RPC 1.16(b) specifically recites that a client's failure to pay, once "given reasonable warning," is good cause for withdrawal. RPC 1.16(b)(5). In addition, a client's refusal to pay its bills can be characterized as "an unreasonable financial burden" on the attorney. RPC 1.16(b)(6). According to the Firm's exhibits, it gave Defendants a reminder that they had not made a payment in a significant amount of time. The Firm subsequently gave Defendants notice that it would file the motions to withdraw unless they agreed to take action towards satisfaction of the debts. In addition, Defendants' debts to the Firm are significant and failure to pay them will constitute a financial burden for the Firm. Accordingly, based on the aforementioned circumstances, this Court finds that withdrawal of counsel is appropriate.

Moreover, consideration of the stage of the proceedings in each matter lends additional support to grant the Firm's motions, as the pending actions have not progressed to an advanced stage of litigation. For instance, in all three matters, litigation has not moved past the pleading stage, and the parties have yet to conduct any discovery. Further, none of the Plaintiffs oppose the motions, which is indicative of the lack of prejudice they will suffer from the Firm's withdrawal. While perhaps Carter and/or Carter & Consulting Services will find it difficult to obtain replacement counsel, the Court finds that the aforementioned parties have left this Court

with no other choice but to grant the motions to withdraw. Also, it appears that Defendants may have other counsel representing them in a state court matter, which may be a viable replacement for purposes of the federal actions. Regardless, to assist with alleviating any prejudice that Defendants may suffer, the Court finds good cause to provide the parties with thirty days to find new counsel, if deemed appropriate or necessary. As such, under the facts of the present case, the Court finds that the Firm's continued representation of Carter and/or Carter & Consulting Services serves "no meaningful purpose" and that the aforementioned parties will suffer no prejudice from allowing the Firm to withdraw as counsel.

Based on the foregoing, and for other good cause shown, it is

**ORDERED THAT:**

1. Carlin & Ward's motions to withdraw as counsel are granted. (Doc. No. 45 in Civil Action No. 10-1537; Doc. No. 36 in Civil Action No. 10-1611; Doc. No. 40 in Civil Action No. 10-2753.)

2. Carlin & Ward is hereby relieved as counsel for Defendant Jerry Carter in the following cases: *Marketvision/Gateway Research Inc. v. Priority Payroll, LLC*, Civil Action No. 10-1537; *Dye It Consulting, Inc. v. Jerry Carter*, Civil Action No. 10-1611; and *Legacy Effects, LLC v. Jerry Carter*, Civil Action No. 10-2753.

3. Carlin & Ward is further relieved as counsel for Carter & Consultants, LLC in *Legacy Effects, LLC v. Jerry Carter*, Civil Action No. 10-2753.

4. Carlin & Ward is to serve a copy of this Letter Opinion and Order on Defendants Jerry Carter and Carter & Consultants, LLC by **July 19, 2011**.

5. Defendants Jerry Carter and Carter & Consultants, LLC shall have until **August 19, 2011** to enter the appearance of new counsel. If Defendant Jerry Carter fails to retain new counsel, he shall proceed *pro se* or otherwise risks entry of default against him. As a corporate entity, if Carter & Consultant fails to retain new counsel, it will not be able to appear before this Court and entry of default will be imminent.

                                                     s/ Michael A. Shipp
                                       **HONORABLE MICHAEL A. SHIPP**
                                       **United States Magistrate Judge**