**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARKETVISION/GATEWAY RESEARCH, INC. et al., | : | **Civil Action No. 10-1537 (SRC)** |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| JERRY CARTER, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the renewed motion for entry of default judgment against Defendant Jerry Carter ("Carter") by Plaintiffs Marketvision/Gateway Research, Inc. and Marketvision/Gateway Research of California, Inc. For the reasons stated below, the motion is denied in part and granted in part.

Plaintiffs initially filed a Complaint in this action against both Priority Pay Payroll, LLC, ("Priority") and Jerry Carter, alleged to be CEO of that company. Priority has filed a voluntary petition for relief under the bankruptcy code and the case against that company has been stayed. On May 3, 2011, Plaintiffs filed the Amended Complaint, which asserted five claims against Carter: 1) breach of contract via piercing the corporate veil; 2) fraud in the inducement via piercing the corporate veil; 3) fraudulent misrepresentation; 4) conversion; and 5) violation of the New Jersey Consumer Fraud Act ("CFA") via piercing the corporate veil. On January 20, 2012, the Clerk of the Court entered default against Carter.

Plaintiffs now seek default judgment against Carter, asking for an award of damages in

the amount of: 1) $680,103.95 in taxes, penalties, and interest; and 2) attorneys' fees and other professional fees in the amount of $139,829.60, incurred in resolving the problems with taxing authorities allegedly caused by Defendants.

Plaintiffs also include the phrase "treble damages" in their request for relief, but provide no legal justification for this request. Consumers may obtain treble damages in actions under the CFA, and Plaintiffs have asserted a claim under the CFA. While business entities may assert claims under the CFA, the Act covers only fraud "in connection with the sale or advertisement of any merchandise or real estate." N.J. Stat. Ann. § 56:8-2. This case does not concern real estate, and the Act defines merchandise as follows: "The term 'merchandise' shall include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J. Stat. Ann. § 56:8-1(c). In applying the CFA to the instant case, the key issue is whether Defendants offered services directly or indirectly to the public for sale. The Amended Complaint alleges that Plaintiffs engaged Priority to provide payroll processing, including tax filing, for two business entities. (Am. Compl. ¶¶ 9-10.) This Court cannot conclude that the Amended Complaint adequately pleads that Defendants offered services directly or indirectly to the public for sale. Based on the Amended Complaint, Defendants appear to have offered services for sale to businesses only, and not to the general public. See Finderne Management Co., Inc. v. Barrett, 402 N.J. Super. 546, 570 (N.J. Super. Ct. App. Div. 2008) ("To qualify as a consumer transaction, which is not defined in the CFA, the challenged services generally must be of the type sold to the general public.") The Amended Complaint does not adequately plead a claim under the CFA, and, as to that claim, the motion for default judgment will be denied.

As for the two fraud claims, the claims do not meet the requirements of Federal Rule of

Civil Procedure 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) thus establishes a heightened standard for pleading fraud, requiring "plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. E&Y, 901 F.2d 624, 627 (7th Cir. 1990)). The two fraud claims do not meet the heightened pleading requirements of Rule 9(b) and, as to the two fraud claims, the motion for default judgment will be denied.

Nor have Plaintiffs adequately pleaded a claim for conversion. "Conversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property." McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 771 (3d Cir. 1990). The Amended Complaint asserts a claim for conversion against Carter not via a veil-piercing theory, but on the theory that he himself took control over the funds at issue. The Amended Complaint does not plead facts that support finding that Carter, himself, exercised control over Plaintiffs' property inconsistent with Plaintiffs' rights in that property. As to the claim for conversion, the motion for default judgment will be denied.

As to the claim for breach of contract via piercing the corporate veil, however, the Amended Complaint sufficiently pleads the elements of such a claim, having sufficiently alleged a contract and a breach, as well as circumstances justifying piercing the corporate veil, to make Carter personally liable for Priority's breach. As the New Jersey Supreme Court has explained: "The purpose of the doctrine of piercing the corporate veil is to prevent an independent corporation from being used to defeat the ends of justice . . . to perpetrate fraud, to accomplish a crime, or otherwise to evade the law." State, Dept. of Environmental Protection v. Ventron

Corp., 94 N.J. 473, 500 (1983). The allegations in the Amended Complaint, taken as true, support the conclusion that Carter used Priority to evade the law, and that these circumstances justify piercing the veil created by the legal form of the limited liability company to hold Carter liable for Priority's breach of contract. As to the breach of contract claim against Carter, the motion for default judgment will be granted.

Plaintiffs have submitted affidavits from Ronald Miller, CEO of the Plaintiff entities, which state that Plaintiffs have suffered damages in the amount of $680,103.95, representing unpaid taxes, and tax penalties and interest, plus $139,829.60, the amount incurred for legal and other professional fees in resolving problems with the taxing authorities caused by Defendants' breach of contract. Plaintiffs have proven total damages in the amount of $819,933.55. Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment against Carter will be entered in that amount.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J

Dated: March 6, 2012